# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GREGORY C. KAPORDELIS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-17-124-F |
| | ) |
| JOHN B. FOX, Warden, | ) |
| | ) |
| Defendant. | ) |

# ORDER

On February 13, 2017, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation, wherein he recommended that the petition of petitioner, Gregory C. Kapordelis, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice. Magistrate Judge Purcell found petitioner has not demonstrated that the 28 U.S.C. § 2255 remedy is inadequate or ineffective as a means for challenging his federal convictions and sentence.

Presently before the court is petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with Magistrate Judge Purcell that petitioner has not demonstrated that § 2255's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In addition, the court finds all of petitioner's arguments, with one exception, to be without merit.[1] The court agrees with petitioner that the dismissal

---

[1] In his petition and his objections, defendant specifically argues that applying 28 U.S.C. § 2255(e) to bar his 28 U.S.C. § 2241 petition would raise serious concerns under Article III, the Suspension Clause and the Due Process Clause. Invoking the canon of constitutional avoidance, defendant

of his § 2241 petition should be without prejudice as it is based upon a lack of statutory jurisdiction.  *See*, Abernathy v. Wandes, 713 F.3d 538, 557-558 (10th Cir. 2013) (dismissal of a §2241 habeas petition for lack of statutory jurisdiction is without prejudice).  Therefore, the court accepts, adopts and affirms the Report and Recommendation to the extent it recommends dismissal of § 2241 petition for petitioner not demonstrating the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  The dismissal of the § 2241 petition, however, shall be without prejudice rather than with prejudice.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on February 13, 2017 (doc. no. 5) is **ACCEPTED**, **ADOPTED** and **AFFIRMED** to the extent it recommends dismissal of petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for petitioner not demonstrating the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the legality of his detention.  Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. no. 1) is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 18th day of April, 2017.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0124p002.docx

---

urges the court to adopt an interpretation that § 2255(e) would allow his § 2241 petition to go forward.  The court, however, finds that defendant has failed to establish that barring his § 2241 petition would raise serious constitutional concerns under Article III, the Suspension Clause and the Due Process Clause.  Therefore, the court need not resort to the canon of constitutional avoidance.  Hale v. Fox, 829 F.3d 1162, 1186 (10th Cir. 2016).